UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY THOMPSON,

Plaintiff,

v.                                                    CAUSE NO. 3:24-CV-25-AZ

INDIANA DEPARTMENT OF
CORRECTION,

Defendant.

<u>OPINION AND ORDER</u>

Jerry Thompson, a prisoner without a lawyer, is proceeding in this case against

the Indiana Department of Correction ("IDOC") for compensatory and punitive

damages for denying him reasonable accommodations at Indiana State Prison ("ISP"),

in violation of the Americans with Disabilities Act and section 504 of the Rehabilitation

Act. ECF 10 at 6-7. On December 3, 2025, IDOC filed a motion for summary judgment,

arguing Thompson did not exhaust his available administrative remedies before filing

this lawsuit. ECF 23. With the motion, IDOC provided Thompson the notice required by

N.D. Ind. L.R. 56-1(a)(4). ECF 26.

Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and

Northern District of Indiana Local Rule 56-1. Pursuant to Local Rule 56-1(b), a party

opposing a summary judgment motion must, within 28 days after the movant serves

the motion, separately file (1) a response brief; and (2) a Response to Statement of

Material Facts, which includes a citation to evidence supporting each dispute of fact.

This deadline passed over three months ago, but Thompson has not filed any response. Therefore, the court will now rule on IDOC's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust

2

remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

IDOC provides an affidavit from ISP's Grievance Specialist and Thompson's grievance records, which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at ISP and available to Thompson. ECF 23-1 at 2, 5. The Offender Grievance Process required Thompson to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2. On January 4, 2023, Thompson filed Grievance 149786, in which he complained his cell was not accessible to him because of his medical conditions. *Id.* at 6; ECF 23-5 at 2. After speaking with medical staff, the Grievance Specialist denied Grievance 149786 on its merits. ECF 23-1 at 6-7; ECF 23-5 at 1. Thompson never appealed the Grievance Specialist's denial of Grievance 149786, which was a necessary step to fully exhaust the grievance. ECF 23-1 at 7; ECF 23-5 at 1; ECF 23-3. Thompson then submitted Grievance 160823, complaining he needed a wheelchair for long distance transportation. ECF 23-1 at 7; ECF 23-6 at 2. The Grievance Specialist denied Grievance 160823 on its merits, and Thompson never appealed that decision. ECF 23-1 at 7-8; ECF 23-6 at 1; ECF 23-3. The Grievance Specialist attests Thompson did not exhaust his administrative remedies before filing

---

[1] Because Thompson did not respond to IDOC's summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Thompson's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . ..")

this lawsuit because he did not fully exhaust either of the two relevant grievances he submitted and he did not submit any other relevant grievance. ECF 23-1 at 8-9.

Here, IDOC has met its burden to show Thompson did not exhaust his available administrative remedies before filing this lawsuit. Specifically, the undisputed facts show Thompson submitted two relevant grievances but did not fully exhaust either of those grievances by submitting Level I and Level II appeals. Thompson did not file any response in this case, and the record contains no evidence Thompson submitted any other relevant grievance or his administrative remedies were in any way unavailable. Summary judgment is therefore warranted in favor of IDOC.

For these reasons, the court:

(1) GRANTS IDOC's motion for summary judgment (ECF 23); and

(2) DIRECTS the clerk to enter judgment in favor of IDOC and against Jerry Thompson and to close this case.

SO ORDERED on this 29th day of April 2026.

s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT